# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Gary Debenedetto, | Civ. No. 22-CV-1470 (NEB/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jared Rardin, Warden, | |
| Respondent. | |

Gary Debenedetto, Rochester, MN, Pro Se

Kristen Rau, United States Attorney's Office, Minneapolis, MN, for Respondent.

BECKY R. THORSON, United States Magistrate Judge.

This matter comes before the Court for review of Petitioner Gary Debenedetto's (1) Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1, Petition), (2) Amended Petition for Writ of Habeas Corpus under § 2241 (Doc. No. 11, Amended Petition), and (3) Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 12, IFP Application) pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] For the following reasons, this Court recommends dismissing the Petition and denying the IFP Application as moot.

---

[1]    Debenedetto's habeas petition is not brought pursuant to 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to his petition. *See* Rule 1(b).

**BACKGROUND**

In 2012,[2] Debenedetto was charged in the United States District Court for the Northern District of Illinois with five counts of knowingly transmitting through interstate commerce threats to injure another person in violation of 18 U.S.C. § 875(c). *United States v. Debenedetto*, 757 F.3d 547, 549 (7th Cir. 2014). While the criminal case was pending, the district court ordered a mental evaluation pursuant to 18 U.S.C. §§ 4241 and 4247(b)-(c) to determine Debenedetto's competency to stand trial. *United States v. Debenedetto*, No. 12-CR-199 (N.D. Ill. Aug. 13, 2012) (Doc. No. 15, Order). After a hearing, the court concluded that Debenedetto was not competent to stand trial and ordered him committed to the custody of the Attorney General of the United States pursuant to 18 U.S.C. § 4241(d). *Id*. (Doc. No. 34, Order). In June 2014, after a series of orders finding Debenedetto not competent to stand trial, the Court concluded that it was unlikely that Debenedetto would be found competent in the future and directed the Attorney General to proceed with an evaluation under 18 U.S.C. § 4246 to determine whether his release was appropriate. *Id.* (Doc. No. 115, Order). The Court granted the government's motion to dismiss the indictment in August 2014. *Id.* (Doc. No. 120, Order).

---

[2]    The procedural history of Debenedetto's federal criminal case and subsequent civil commitment spans almost ten years and three district courts. *See e.g.*, *United States v. Debenedetto*, Case No. 12-CR-199 (N.D. Ill.); *United States v. Debenedetto*, 618 F. App'x 751, 752 (4th Cir. 2015); *Debenedetto v. Kallis*, 19-CV-2110 (D. Minn.). This is not intended to be a full account of this history but rather to provide context to Debenedetto's current petition for habeas corpus relief under 28 U.S.C. § 2241.

In November 2014, Debenedetto was confined at FMC-Butner—a federal medical center located within the Eastern District of North Carolina—when the court ordered Debenedetto committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246, finding by "clear and convincing evidence" that Debenedetto was "suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." *United States v. Debenedetto*, 618 F. App'x 751, 752 (4th Cir. 2015). Debenedetto appealed the order of commitment and the United States Court of Appeals for the Fourth Circuit affirmed. *Id.* In 2017, Debenedetto was transferred to the Rochester Federal Medical Center (FMC-Rochester) in Rochester, Minnesota. *United States v. Debenedetto*, No. 14-HC-2172 (E.D.N.C.). Although the Eastern District of North Carolina authorized his conditional release in January 2019, *see id.* (Doc. No. 47), the court subsequently terminated his conditional release in October 2019, *see id.* (Doc. No. 59),[3] and Debenedetto has been detained at FMC-Rochester since that time. *Id.*

During his eight-year civil confinement, Debenedetto has made requests in multiple jurisdictions for habeas corpus relief (or for relief that has subsequently been interpreted by the courts as habeas in nature). In July 2014, Debenedetto filed a habeas

---

[3]    Debenedetto appealed the order revoking his conditional release. *United States v. Debenedetto*, No. 14-HC-2172 (E.D.N.C.) (Doc. No. 60, Notice of Appeal). On March 26, 2020, the Fourth Circuit granted the government's unopposed motion to remand, vacated Debenedetto's conditional release revocation, and remanded the case for a hearing. *Id.* (Doc. No. 65, Order). After a hearing, the district court again ordered the revocation of his conditional release, concluding that he violated his conditions of release and "continued release would create a substantial risk of bodily injury to another person or serious damage to the property of another." *Id.* (Doc. No. 73).

corpus petition in the Eastern District of North Carolina, which was dismissed without prejudice in May 2015 for failure to first exhaust available remedies. *Debenedetto v. Apker*, No. 14-HC-2163 (E.D.N.C. May 19, 2015) (Doc. No. 10, Order). The court also concluded that Debenedetto's involuntary commitment under § 4241 and his continued commitment under § 4246 did not violate his due process rights under the United States Constitution. *Id.* In September 2017, the Northern District of Illinois construed Debenedetto's filings as a petition for a writ of habeas corpus and denied Debenedetto's request for relief without prejudice for lack of jurisdiction, concluding that Debenedetto must seek habeas corpus relief in the District of Minnesota, the district where he was confined. *United States v. Debenedetto*, No. 12-CR-199 (N.D.Ill. Sept. 25, 2017) (Doc. No. 140, Order). In August 2019, Debenedetto filed a habeas petition in this District, alleging generally that his continued civil detention without criminal conviction was improper. *Debenedetto v. Kallis*, No. 19-CV-2110 (D. Minn.) (Doc. 1, Petition). This District transferred the case to the Eastern District of North Carolina, the court that first committed him to the custody of the Attorney General, concluding that under binding Eighth Circuit precedent, *Archuleta v. Hendrick*, 365 F.3d 644 (8th Cir. 2004), habeas corpus relief is available to federal civil detainees only when the petitioner has no other remedy and Debenedetto had a remedy: namely, to petition the Eastern District of North Carolina for release under 18 U.S.C. § 4247(h).[4] *See Debenedetto v. Kallis*, No. 19-CV-

---

[4]     Because the claims in the habeas petition cannot be raised by Debenedetto through § 4247(h), this Court does not recommend transfer or dismissal of the petition pursuant to the alternative-remedy rule of *Archuleta*—rather, this Court recommends dismissal because the claims raised by Debenedetto lack merit.

2110 (D. Minn. September 17, 2019) (Doc. 6, Order). The Eastern District of North Carolina dismissed Debenedetto's petition without prejudice after considering his arguments on the merits. *Debenedetto v. Kallis*, No. 19-HC-2267 (E.D.N.C., April 13, 2020) (Doc. 14). Debenedetto appealed and the Fourth Circuit affirmed this order. *Debenedetto v. Kallis*, 834 F. App'x 811 (4th Cir. 2021). On May 16, 2022, Debenedetto filed the pending habeas petition with the Eastern District of North Carolina, alleging that his continued detention is unlawful. (Doc. No. 1, Petition.) The Eastern District of North Carolina transferred venue to the District of Minnesota, concluding that the proper venue for filing a § 2241 petition is the district where the petitioner is confined, which, in Debenedetto's case, is the District of Minnesota. (Doc. No. 6, Order.) On June 13, 2022, Debenedetto filed a document he entitled "Amended Petition," (Doc. No. 11, Amended Petition), and an application to proceed *in forma pauperis* (IFP). (Doc. No. 12, IFP.)

The original habeas petition that Debenedetto filed generally alleges that his continued confinement violates his due process rights under the United States Constitution because (1) he continues to be confined even though he is not charged with—nor has he been convicted of—any crime; and (2) the Attorney General unlawfully delegated its authority to the Federal Bureau of Prisons ("BOP"). (Doc. No. 1., Petition.) The original petition also contends that unnamed staff members at FMC-Rochester are threatening him with violence to intimidate him from being released. (Doc. No. 1-1, Exhibit.) Debenedetto requests immediate unconditional release, or, in the alternative, for an order preventing the Attorney General from delegating its authority to the BOP, and $23 million in damages. (*Id.*)

5

Debenedetto's amended petition, filed June 13, 2022, is more difficult to decipher but generally alleges that corrections officers violated his constitutional rights when he was in custody pending criminal charges; and that his civil rights were violated in 2014 when he understood the district court judge to order that he be transferred to a state mental hospital, but the Attorney General for the United States sent him to the Bureau of Prisons, instead. (Doc. No. 11, Amended Petition.) In the Amended Petition, Debenedetto clearly states that his request for relief is immediate, unconditional release. (*Id.*)

## ANALYSIS

### A.    Operative Petition

Because Debenedetto has filed two habeas petitions under § 2241, the Court first resolves the question of which petition is operative here.

Pursuant to the Rules Governing § 2254 Cases in the U.S. District Court ("§ 2254 Rules"), district courts may apply § 2254 Rules to § 2241 petitions. *See* § 2254 Rules, Rule 1(b). Under Rule 12 of the § 2254 Rules, "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Because the § 2254 Rules do not specifically address a scenario such as here where multiple petitions have been filed, this Court looks to the Federal Rules of Civil Procedure for guidance.

Under Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it . . . ." In this case, court records show that Debenedetto filed the Amended Petition more than 21 days after the first petition had been served on the Respondents. Thus, the Amended

Petition did not become operative immediately upon filing, and the original Petition remains the operative pleading.

Nevertheless, in the interests of justice, the Court has examined the substance of the Amended Petition and finds its claims are generally duplicative of the original Petition.  Accordingly, even if the Amended Petition were to be regarded as operative, dismissal of this matter would be recommended for the reasons provided below. Because the original Petition is the more coherent of the two pleadings, this Court will focus its analysis on the claims raised in the original Petition.

**B.    Analysis of Debenedetto's Claims**

Having established that Debenedetto's original Petition is the operative pleading, the Court now turns to the substance of Debenedetto's claims, concluding that the Petition does not identify a viable habeas corpus claim.

**1.    The involuntary commitment procedure set forth in 18 U.S.C. § 4241 *et seq*. is constitutional.**

It is well-established that a person's involuntary commitment under 18 U.S.C. § 4246 does not violate due process. *See, e.g.*, *United States v. Evanoff*, 10 F.3d 559 (8th Cir. 1993) (citing *Jones v. United States*, 463 U.S. 354, 362 (1983)). In so concluding, courts have highlighted the procedures available to the committed person to challenge his initial and ongoing commitment. *See Evanoff*, 10 F.3d at 563. Specifically, a committed person—through counsel or his legal guardian—may request a hearing "at any time during his hospitalization," provided that "no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be

committed." 18 U.S.C. § 4247(h). At the hearing, moreover, the committed person is entitled to counsel, "afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." 18 U.S.C. § 4247(d). These procedures satisfy the requirements of due process.[5] *See United States v. Sahhar*, 917 F.2d 1197, 1203-04 (9th Cir. 1990). Thus, Debenedetto's constitutional due process claim fails.[6]

### 2. Debenedetto's claims that his commitment proceedings were constitutionally deficient are procedurally barred.

Debenedetto further claims, however, that his civil commitment proceedings were constitutionally deficient because (1) he was not given the opportunity to testify on his own behalf and (2) he did not have counsel. These claims also fail.

As a preliminary matter, it does not appear that Debenedetto raised these arguments in his previous habeas petitions. *See generally Debenedetto v. Kallis*, No. 19-

---

[5]    Indeed, the Eastern District of North Carolina has previously held that Debenedetto's civil commitment specifically does not violate due process because of the requirements set forth in 18 U.S.C. § 4241 *et seq. See Debenedetto v. Kallis*, No. 19-HC-2267 (E.D.N.C. April 13, 2020) (Doc. No. 14, Order), *aff'd,* 834 F. App'x 811 (4th Cir. 2021) (mem.) (per curiam); *see also Debenedetto v. Apker*, No. 14-HC-2163 (E.D.N.C. May 19, 2015) (Doc. No. 10, Order).

[6]    Citing *United States v. Curbow*, 16 F.4th 92 (4th Cir. 2021) and *United States v. Wayda*, 966 F.3d 294 (4th Cir. 2020), Debenedetto, through counsel, filed a motion requesting relief from his civil commitment in the Eastern District of North Carolina, arguing that there was an unreasonable delay between the court's determination that it was not likely he would be restored to competency and the government's request to have him civilly committed pursuant to § 4246. *See United States v. Debenedetto*, No. 14-HC-2172 (E.D.N.C.) (Doc. 113.) This motion is pending. *Id.* Debenedetto does not appear to be making this argument in his request for habeas relief; if he were, this Court would recommend dismissal of the claim on the grounds that it is duplicative of the claim being adjudicated elsewhere.

HC-2267 (E.D.N.C. April 13, 2020) (Doc. 14, Order); *Debenedetto v. Apker*, No. 14-HC-2163 (E.D.N.C. May 19, 2015) (Doc. 10, Order).[7] Debenedetto also does not identify the hearing at which he was allegedly denied the opportunity to testify on his own behalf and denied counsel. But a review of the court record shows that he was appointed counsel for the competency hearing, *see United States v. Debenedetto*, No. 14-HC-2172 (E.D.N.C. Aug. 7, 2014) (Doc. 4); appointed counsel for his appeal of the competency order, *see id.* (Doc. 19); represented by counsel at the conditional release revocation motion hearing, *see id.* (Doc. 56-58); appointed counsel for his appeal on the order revoking his conditional release, *see id.* (Doc. 63); represented by counsel at the evidentiary hearing on the revocation of his conditional release on remand, *see id.* (Doc. 72); and currently remains represented by counsel, *see id.* (Doc. 103). On this record, it appears highly unlikely that Debenedetto was not—as he claims—represented by counsel at some point during his competency proceedings.

Yet, more to the point, federal detainees pursuing federal habeas corpus relief under 28 U.S.C. § 2241 generally must exhaust all available alternative remedies prior to seeking judicial review. *See, e.g.*, *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009). If a detainee fails to timely exhaust the available alternative remedies, moreover, his habeas claims may be procedurally defaulted. *See Crawford v. Fisher*, No. 11-0641

---

[7]    Debenedetto should be aware that raising new – or the same – claims in successive habeas petitions could result in the petition being dismissed under the "abuse of the writ" doctrine. *See, e.g.*, *McCleskey v. Zant*, 499 U.S. 467, 470 (1991) ("The doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim present for the first time in a second or subsequent petition for a writ of habeas corpus.")

(MJD/JJG), 2012 WL 465767, at *2 (D. Minn. Jan. 5, 2012). Here, Debenedetto appealed

the district court's order committing him to the custody of the Attorney General, *see*

*United States v. Debenedetto*, 618 F. App'x 751, 752 (4th Cir. 2015); the district court's

order revoking his conditional release, *see United States v. Debenedetto*, No. 14-HC-

2172 (E.D.N.C.) (Doc. No. 60, Notice of Appeal); and the district court's order denying

his 2019 request for habeas relief, *see Debenedetto v. Kallis*, 834 F. App'x 811, 811 (4th

Cir. 2021). Granted, many of Debenedetto's filings are difficult to follow, but, that said, it

does not appear that Debenedetto ever raised the claims that he was denied counsel or the

opportunity to testify on appeal. *See United States v. Debenedetto*, No. 14-HC-2172

(E.D.N.C.) (Doc. No. 16, Pro Se Notice of Appeal), *see Debenedetto v. Kallis*, 834

F. App'x 811, 811 (4th Cir. 2021). Indeed, as noted above, he was represented by counsel

in his initial appeal of the commitment order. *See United States v. Debenedetto*, 618

F. App'x 751, 752 (4th Cir. 2015). On this record, the Court finds that principle of

procedural default applies here. Even if he did not have counsel at some point in his

competency proceedings (which seems unlikely), because he did not raise the claim that

he was denied counsel on appeal, this Court finds that he has procedurally defaulted on

this claim. For these same reasons, Debenedetto's claim that he was denied the

opportunity to testify is also procedurally defaulted.

   **3.    Debenedetto's interpretation of 28 C.F.R. § 0.96 is unreasonable.**

       Debenedetto's claim that his continued detention is unlawful because the Attorney

General impermissibly delegated its authority to the BOP is similarly without merit.

       28 C.F.R. § 0.96 provides, in pertinent part, that the BOP

> is authorized to exercise or perform any of the authority, functions or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons (including insane prisoners and juvenile delinquents) charged with or convicted of offenses against the United States, including the taking of final action in the following-described matters:
>
> . . . (j) Performing the functions of the Attorney General under the provisions of 18 U.S.C. chapter 13, Offenders with Mental Disease or Defect (18 U.S.C. 4241-4247).

Debenedetto asks this Court to interpret the language "charged with or convicted of offenses against the United States," 28 C.F.R. § 0.96, to mean that Congress did *not* delegate to the BOP the Attorney General's responsibility to take custody of individuals—like himself—who have been committed under § 4246 but are no longer charged with any crime because their "criminal charges have been dismissed solely for reasons related to the mental condition of the person." 18 U.S.C. § 4246(a).

This interpretation, however, is unreasonable because it ignores reading the regulation as a whole. "Congressional intent or meaning is not discerned by considering merely a portion of a statutory provision in isolation, but rather by reading the complete provision in the context of the statute as a whole." *Does v. Gillespie*, 867 F.3d 1034, 1043 (8th Cir. 2017) (citing *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)). Here, 28 C.F.R. § 0.95—the regulation immediately preceding the one cited by Debenedetto— sets forth the general functions of the BOP, which includes the "[c]lassification, commitment, control, or treatment of persons committed to the custody of the Attorney General." 28 C.F.R. § 0.95(d). Because Debenedetto has been committed to the custody

11

of the Attorney General pursuant to § 4246, his care and custody falls squarely within the functions of the BOP as set forth in 28 C.F.R. § 0.95(d). Thus, Debenedetto's interpretation of 28 C.F.R. § 0.96 fails because it does not allow for a complete reading of the entire regulation.

### 4. Debenedetto's claims regarding the conditions of his confinement are not properly before this Court.

Debenedetto's petition also contains allegations concerning the conditions of his confinement at FMC-Rochester. (Doc. No. 1-1, Document). Specifically, Debenedetto contends that staff members at FMC-Rochester have threatened him with violence to intimidate him from being released. Habeas corpus relief, however, is not the appropriate vehicle to address these claims. An individual looking to challenge the conditions of his confinement or to recover monetary relief for the alleged wrongdoing of a state actor must do so through *civil* complaint. *See Spencer v. Haynes*, 774 F.3d 467, 470-71 (8th Cir. 2014).

## C. IFP Application

Because the Court recommends that the Petition be denied, the Court further recommends that Debenedetto's IFP Application be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996).

**RECOMMENDATION**

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS**

**HEREBY RECOMMENDED THAT**:

1.    The petition for a writ of habeas corpus of petitioner Gary Debenedetto

(Doc. No. 1) be **DENIED**;

2.    Debenedetto's IFP application (Doc. No. 12) be **DENIED**; and

3.    This matter be **DISMISSED WITHOUT PREJUDICE**.


Dated: June 28, 2022                  *s/ Becky R. Thorson*
                                      BECKY R. THORSON
                                      United States Magistrate Judge


**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).