UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| GARY DEBENEDETTO, | Case No. 22-CV-1470 (NEB/BRT) |
| Petitioner, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| WARDEN JARED RARDIN, | |
| Respondent. | |

---

Debenedetto asserts that he has been in illegal custody for ten years and seeks immediate, unconditional release. In a Report and Recommendation, United States Magistrate Judge Becky R. Thorson recommends that Debenedetto's writ of habeas corpus petition and his *in forma pauperis* ("IFP") application be denied. Debenedetto objects. For the reasons below, the Court overrules Debenedetto's objection and accepts the R&R.

## BACKGROUND

The R&R details the facts and procedural history of this case, (ECF No. 13 ("R&R") at 2–6), which are undisputed. The Court briefly lays out the facts necessary to rule on Debenedetto's objection.

In 2012, Debenedetto was charged with a federal crime in the United States District Court for the Northern District of Illinois. (*Id.* at 2.) While the criminal case was pending,

the district court concluded Debenedetto was not competent to stand trial and ordered him committed to the U.S. Attorney General's custody. (*Id.*) In 2014, the court concluded it was unlikely Debenedetto would be competent to stand trial in the future. (*Id.*) Pursuant to 18 U.S.C. Section 4246, the Attorney General evaluated Debenedetto to determine if his release was appropriate, and the court dismissed the indictment against Debenedetto. (*Id.*) The evaluation concluded Debenedetto was "suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." (*Id.* at 3.) The court ordered Debenedetto remain committed under Section 4246. (*Id.*)

Debenedetto has since appealed the commitment order and filed multiple petitions for habeas corpus relief. (*Id.* at 3–4.) Each attempt has been unsuccessful. (*Id.* at 4–5.) Seeking relief again, Debenedetto filed a petition in the Eastern District of North Carolina (where some of these proceedings have occurred). (*Id.* at 5.) That court concluded the District of Minnesota was the proper venue and transferred venue here. (*Id.*) Debenedetto then filed an "Amended Petition" and an IFP application. (*Id.*)

In these two habeas corpus petitions, Debenedetto alleges that his confinement violates his due process rights under the United States Constitution because (1) he continues to be confined even though he is not charged with—nor has he been convicted of—any crime; and (2) the Attorney General unlawfully delegated its authority to the Federal Bureau of Prisons ("BOP") when Debenedetto should have been sent to a state

mental hospital. (*Id.* 5–6.) Debenedetto also contends that unnamed staff members at FMC-Rochester, where he is housed, are threatening violence to intimidate him from being released. (*Id.* at 5.) Debenedetto requests immediate unconditional release, or, in the alternative, for an order preventing the Attorney General from delegating its authority to the BOP. Debenedetto also requests $23 million in damages. (*Id.*)

## ANALYSIS

The Court reviews the portions of the R&R to which Debenedetto objects *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). It reviews the remaining portions of the R&R for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

### I. Debenedetto's Claims

*Involuntary commitment.* As an initial matter, Debenedetto's involuntary commitment under Section 4246 does not violate due process. *United States v. Evanoff,* 10 F.3d 559, 563 (8th Cir. 1993) (citing *Jones v. United States*, 463 U.S. 354, 362 (1983)). Debenedetto appears to contend that he was not afforded an opportunity to testify or an attorney during his initial commitment proceedings. (ECF No. 1 at 6.) Debenedetto does not discuss when this opportunity to testify and attorney were denied, but the record suggests Debenedetto was represented by counsel at each hearing. (R&R at 9.) Regardless, as the R&R explains, it does not appear Debenedetto raised these claims when he appealed his commitment.

3

As such, he did not exhaust his administrative remedies for the claims, and he has thus procedurally defaulted on them. *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (explaining requirement to exhaust administrative remedies); *Hach v. Anderson*, 191 F. App'x 511, 512 (8th Cir. 2006) (affirming dismissal of habeas corpus petition because petitioner had procedurally defaulted by not timely exhausting administrative remedies).

*Delegation to BOP.* Debenedetto's primary contention is that his being held in a BOP facility violates his due process rights because he has not been convicted of, or charged with, a federal crime. (*See e.g.*, ECF No. 1 at 6.) Debenedetto, citing 28 C.F.R. Section 0.96, contends that the Attorney General should not have delegated its function to the BOP and that doing so violated Debenedetto's rights. (*Id.* at 6–7.)

Section 0.96 provides that the Director of BOP is authorized to perform duties conferred upon the Attorney General related to the treatment of people "charged with or convicted of offenses against the United States." 28 C.F.R. § 0.96. Debenedetto interprets this to mean that the Attorney General is only able to delegate duties to the BOP when those duties involve people charged with or convicted of a federal crime. Because he has no pending charges or convictions, Debenedetto believes the Attorney General impermissibly delegated his duty. But Debenedetto fails to cite the statute immediately preceding Section 0.96 that

4

clarifies this delegation. *See Does v. Gillespie*, 867 F.3d 1034, 1043 (8th Cir. 2017) (explaining that one must not consider "merely a portion of a statutory provision in isolation" but instead must read the "complete provision in the context of the statute as a whole") (citing cases).

This preceding section provides that the Director of BOP "shall direct all activities of the Bureau of Prisons including . . . classification, commitment, control, or treatment of persons committed to the custody of the Attorney General." 28 C.F.R. § 0.95(d). This section allows the Attorney General to delegate the treatment of Debenedetto to the BOP. Thus, Debenedetto's due process rights were not violated for this reason.

*Confinement conditions.* In his petition, Debenedetto alleges mistreatment at FMC-Rochester. But a habeas corpus petition is not the appropriate vehicle to plead such claims. Instead, confinement conditions claims should be pled through a civil complaint. *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014). In *Spencer*, the petitioner filed his conditions of confinement claims through a writ of habeas corpus, but he was not seeking habeas corpus relief. *Id.* The Eighth Circuit remanded the case, instructing the district court to give Spencer an opportunity to pursue his claim correctly. *Id.* Here, Debenedetto seeks habeas relief, so the Court will not treat his petition as a civil complaint. But Debenedetto may file any meritorious complaints about his confinement through a civil action.

## II. IFP Application

Because Debenedetto's Petition is denied, the Court also denies his IFP application as moot. *Anderson v. Walz*, No. 18-CV-2959 (NEB/ECW), 2019 WL 1440424, at *3 (D. Minn. Apr. 1, 2019) (citing *Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996)).

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's objections (ECF Nos. 14, 15, 19) are OVERRULED;

2. The Report and Recommendation (ECF No. 13) is ACCEPTED;

3. The Petitions for Writ of Habeas Corpus (ECF Nos. 1, 11) are DENIED;

4. The *in forma pauperis* application (ECF No. 12) is DENIED AS MOOT; and

5. This matter is DISMISSED WITHOUT PREJUDICE.

Dated: August 24, 2022                    BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge